**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HYDROTECH, INC., a Nevada corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>BARA INFOWARE, INC., a California corporation; U.S. Specialty Insurance Company, a Texas Corporation; and Does I through x, inclusive,<br><br>          Defendants. | 1:09-CV-00069-OWW-SMS<br><br>MEMORANDUM DECISION RE: PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS AND MOTION FOR LEAVE TO RESPOND TO REQUESTS FOR ADMISSION (Doc. 36.) |

## I. INTRODUCTION

Before the court for decision is Plaintiff Hydrotech, Inc.'s motion to withdraw admissions and motion to respond to requests for admissions.

## II. BACKGROUND

Although the parties dispute many of the relevant facts, this is a general summary: this case arises out of a subcontract between Hydrotech, Inc. ("Hydrotech") and Bara Infoware, Inc. ("Bara"), wherein Hydrotech agreed to perform pipeline refurbishing services as part of the "Repair Storm Water Systems Components –

1

Lemoore Naval Air Station" (the "Project"). On September 17, 2007, Bara entered into a contract with the U.S. Navy to improve the Lemoore Naval Air Station. On November 13, 2007, Bara secured a Miller Act payment bond from Defendant U.S. Specialty Insurance Company ("U.S. Specialty") in the approximate amount of $607,000.00 as required by the Navy on this project. Under the bond, U.S. Specialty agreed to be bound with Bara to make payments to all persons having a direct contractual relationship with Bara or to any subcontractor of Bara. On November 20, 2007, Bara and Hydrotech entered into a subcontract to the Project via written proposal.

During the course of Hydrotech's work on the project, a dispute arose over the timeliness of Bara's payments to Hydrotech. As a result, Hydrotech ceased all work on the project. On September 17, 2008, the parties settled their dispute, entering into a "Partial Settlement Agreement." Hydrotech then completed its work on the Project. However, Hydrotech claimed that it was not paid timely progress payments for work it performed on the Project and it was not paid in full for work it performed on the Project. Bara disputed Hydrotech's claims, arguing that its payments to Hydrotech were timely and complete.

On January 12, 2009, Hydrotech filed a complaint against Bara and U.S. Specialty for breach of contract (Count I); unjust enrichment (Count II); and under the Miller Act (Count III). (Doc. 1.) Hydrotech seeks damages in the amount of $193,846.48, the amount allegedly owed to Hydrotech under its contract with Bara.

Defendant U.S. Specialty filed its answer to Plaintiff's complaint on February 13, 2009. (Doc. 8.) Defendant Bara filed

1 **its answer on February 23, 2009.  (Doc. 9.)**

2 **    On April 17, 2009, Defendant Bara propounded to Hydrotech (by**
3 **mail) written discovery including Requests for Admissions, Set**
4 **One.[1]  Under Rule 36 of the Federal Rules, Plaintiff's responses**
5 **were due on May 20, 2009.[2]**

6 **    On May 1, 2009, John D. Moore, Esq., of the Law Offices of**
7 **Michael B. Springer, filed a motion to withdraw as counsel of**
8 **record for Plaintiff Hydrotech.  (Doc. 19.)  According to Moore's**
9 **declaration, the Springer law firm represents Hydrotech in a number**
10 **of pending actions in San Diego, Bakersfield, and Fresno (this**
11 **action).  Moore stated in his declaraton that the Law Offices of**
12 **Michael B. Springer performed various legal service on behalf of**
13 **Hydrotech, billing Hydrotech for such costs and fees on a monthly**
14 **basis.  As of May 1, 2009, Hydrotech owed the law office**
15 **approximately $38,619.26, most of which was overdue for 120 days.[3]**

16 **    On May 20, 2009, Hydrotech's attorney of record, Mr. Moore,**
17 **sent a letter to Bara's counsel requesting a two month extension to**

---

[1] Defendant Bara also propounded Special Interrogatories, Set One, and Requests for Production of Documents, Set One and Set Two.  (Doc. 44, 8:22-8:24.)

[2] Defendant Bara served a portion of the discovery on April 16, 2009 and supplemented the requests on April 17, 2009. Hydrotech's counsel calendared the discovery responses from that date.  Under Rule 36(a), the deadline to provide written responses was May 20, 2009.

[3] Mr. Moore's declaration and moving papers indicate that counsel made numerous attempts to collect the overdue balance. These efforts were unsuccessful.  As a result of this failure, Counsel attempted to secure Hydrotech's consent to withdraw from this case.  Hydrotech refused to consent, leading to counsel's motion to withdraw as attorney of record.

3

**respond to the written discovery, including the Requests for Admissions, Set One. On May 22, 2009, Bara denied Mr. Moore's request for a two month extension. Bara's counsel granted Hydrotech a seven day extension, requesting Hydrotech provide discovery responses by May 29, 2009. Hydrotech did not provide Bara with discovery responses by the May 29, 2009 deadline.**

**On July 1, 2009, Defendant Bara moved for summary judgment or, in the alternative, summary adjudication on Plaintiff's first, second, and third causes of action.[4] (Doc. 26.) With its motion, Defendant Bara filed a Statement of Undisputed Facts, supported entirely by the Requests for Admissions, Set One ("Deemed Admissions"). (Doc. 30.) Defendant Bara seeks summary judgment on the grounds that Plaintiff's own admissions render it unable to produce sufficient evidence to establish the existence of each element of its first, second, and third causes of action.**

**Hydrotech filed a Motion to Withdraw Admissions and Motion for Leave to Respond to Requests for Admission on July 2, 2009. (Doc. 36.) Hydrotech argues that it is entitled to relief under Rule 36(b). Specifically, Hydrotech argues that it had a reasonable excuse for its failure to respond, no prejudice results by the late discovery responses, and the merits of the case are served by permitting Hydrotech to respond.**

**On July 2, 2009, Hydrotech filed an ex parte application for an order shortening time to allow a hearing on its motions prior to the hearing on Defendant Bara's summary judgment motion. (Doc.**

---

[4] Defendant Bara filed an amended motion on June 2, 2009. (Doc. 34.)

**4**

39.)  The application was granted on July 8, 2009.  (Doc. 42.)

Defendants Bara and U.S. Specialty Insurance filed their oppositions to Hydrotech's motion Motion to Withdraw Admissions and Motion for Leave to Respond to Requests for Admission on July 17, 2009.  (Docs. 44, 46.)

According to a declaration filed by Mr. Moore on July 22, 2009, U.S. Specialty's attorney stated that, as professional courtesy to counsel, it would not propound any discovery until the pendency of counsel's motion to withdraw.  (Doc. 50, Exh. A.)  As of August 3, 3009, U.S. Specialty has not propounded any discovery in this litigation.

As of August 3, 2009, Hydrotech has not responded to Defendant Bara's discovery requests.

### III.  LEGAL STANDARD

When a party fails to timely respond to requests for admission, the matters requested are automatically deemed admitted. See Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

Withdrawal or amendment of the admissions may be permitted if withdrawal (1) will promote the presentation of the action on the merits; and (2) will not result in prejudice to the party who obtained the admission in maintaining the action or defense on the

merits. Fed. R. Civ. P. 36(b). "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

The first requirement of Rule 36(b) is satisfied if refusing to withdraw the admissions will have the practical effect of preventing the moving party from any presentation of the merits of the case. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The party who obtained the admission bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits. *Conlon*, 474 F.3d at 622. As a pretrial conference has not yet been held, nor a pretrial order entered, in this case, the decision whether to allow the withdrawal of Plaintiff Hydrotech's admissions is not subject to the manifest injustice standard for modifying a pretrial order under Rule 16(e).

**IV. <u>DISCUSSION</u>**

**A. <u>Presentation of the Merits</u>**

Plaintiff argues that withdrawal of the admissions would promote the merits of the case because the admissions relate to the foundational elements of its claims against Defendants. Plaintiff states that it did not intend to admit most, if not all, of the requests for admission, which Defendant Bara exclusively relied on to satisfy its Rule 56 burden. In essence, Plaintiff states that upholding the deemed admissions would preclude any presentation of the merits of the case.

Defendant Bara argues that upholding the admissions would not

6

**eliminate presentation of the merits because "the merits are served by the intentional acts" of Plaintiff.  (Doc. 44, 9:25-9:27.) Defendant U.S. Insurance contends that "Hydrotech's refusal to respond to the Requests For Admission is indicative of the fact that Hydrotech is unwilling to seriously maintain this action and pursue its claims against Defendants."  (Doc.48, 8:5-8:8.) According to Defendants, granting the motion would not promote the merits because Plaintiff displayed an unwillingness to maintain its action.**

**Rule 36 provides that "the court may permit withdrawal ... when the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal ... will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).  Although the motion is directed to the sound discretion of the district court, see *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985), the discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party.  In this regard, it seems clear that the admissions significantly impair Plaintiff's ability to present the merits of its case.**

**Defendant Bara's RFAs dealt with whether Plaintiff breached its contract, whether Bara fully performed, and whether Plaintiff suffered any damages as a result of Bara's acts or omissions. These admissions directly relate to Plaintiff's claims for breach of contract, unjust enrichment, and its claim under the Miller**

**Act:**[5]

> **RFA 1: Admit that Hydrotech was paid in full for the work it performed on the Project. (SUF No. 1.)**
>
> **RFA 3: Admit that Hydrotech breached the agreement by abandoning or walking off the Project. (SUF No. 5.)**
>
> **RFA 8: Admit that Bara did not breach its agreement with Hydrotech. (SUF No. 2.)**
>
> **RFA 13: Admit that Hydrotech was not damaged as a result of Bara's actions; (SUF No. 4.)**
>
> **RFA 14: Admit that Bara was not unjustly enriched. (SUF No. 3.)**

**In RFAs 3, 8, and 13, the admissions relate to Plaintiff's claims for breach of contract because they speak directly to whether there was a breach and if Plaintiff was damaged as a result. If the requests are deemed admitted, Plaintiff will be precluded from advancing its breach of contract cause of action. RFA 1 addresses Plaintiff's Miller Act claim because an essential element to maintain a right of action on the payment bond is "nonpayment." Full payment forecloses Plaintiff's claim under the**

---

[5] Defendant Bara's Statement of Undisputed Facts, filed concurrently with its motion for summary judgment, was supported entirely by RFAs 1, 3, 8, 13, and 14.

8

Miller Act.[6]  RFA 14 directly precludes Plaintiff's unjust enrichment claim.  Deeming the RFAs admitted would effectively deprive Plaintiff of the opportunity to put on evidence for most, if not all, its claims.

Applying the first factor of Rule 36(b), here, as in *Conlon*, "upholding the [deemed] admissions would practically eliminate any presentation of the merits of the case." *See Conlon*, 474 F.3d at 622.  The deemed admissions preclude Plaintiff from establishing the elements of his claims against Defendant by conclusively refuting them.  The first factor is satisfied.

**B.   Prejudice**

The second factor of Rule 36(b) is satisfied because Defendants have not met their burden of establishing that they will be prejudiced if the admissions are withdrawn.  *See Conlon*, 474 F.3d at 622 ("The party relying on the deemed admission has the burden of proving prejudice.").  Defendants argue that they will be prejudiced by withdrawal of the admissions because they will face difficulties defending themselves due to Plaintiff's alleged pattern of preventing them from obtaining legitimate discovery by failing to serve timely responses.  Defendants also argue that they justifiably relied on Hydrotech's admissions being deemed admitted

---

[6] To recover under the Miller Act, a claimant must establish: (1) the materials were supplied in prosecution of the work provided for in the contract; (2) Fuller has not been paid; (3) Fuller had a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites have been met. *Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 975 (9th Cir. 1996).

and prepared a motion for summary judgment.[7]

In this context, prejudice is not established by reliance on a deemed admission in preparing a summary judgment motion. *Id.* at 624. Nor does "a lack of discovery, without more, constitute prejudice." *Id.* Instead, "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id.* (citing *Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001)). The "'prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley*, 45 F.3d at 1348 (quoting *Brook Village North Associates v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982)). "'Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id.*

Here, this is not a motion for withdrawal in the middle of a trial, when courts are more likely to find prejudice. *See Sonoda*, 255 F.3d at 1040 (affirming the district court's decision to permit withdrawal where the motion to withdraw was made before trial and plaintiff would not be hindered in presenting evidence to the factfinder); *see also 999 v. CIT Corp.*, 776 F.2d 866, 869 (1985) (denying motion made during trial to withdraw admission because of

---

[7] Defendant Bara also argues that "Hydrotech's stagnant claim has adversely impacted Bara's bonding capacity and, as a result, its ability to secure new construction projects." (Doc. 44, 9:14-9:17.) Generalized speculation concerning Bara's future bonding capacity and its affect on potential construction projects, without more, is insufficient to establish prejudice under Rule 36(b).

10

prejudice to other party, which had nearly rested its case and had relied heavily upon the admission). Instead, the parties have until November 24, 2009 to conduct discovery. Further, the pretrial conference is March 8, 2010 and a bench trial is scheduled for April 20, 2010. This leaves defendants almost four months to conduct discovery, eight months to prepare pretrial statements, and over nine months to prepare for trial. This timeline does not support a finding of prejudice.

Defendants argue that Plaintiff's discovery abeyance is "holding them hostage" and prejudicing their ability to prepare its case. (Doc. 44, 8:25-8:27.) Mindful of these concerns, Defendants still have ample opportunity to conduct discovery on Plaintiff's admissions, and confirm those admissions, if any, in deposition testimony. They have no "sudden need" to conduct further discovery on the admissions, nor will they be prejudiced by their inability to do so. If Defendants need more time for discovery as a result of the withdrawal, they can obtain Plaintiff's consent or file a motion to extend the discovery deadline. (Doc. 13; see also E.D. Cal. R. 37-251.) If Defendants have other concerns about the discovery process, they can make a motion to compel disclosure or discovery. (Id.)

In order to carry their burden regarding prejudice, Defendants must identify difficulties they would face in proving their case at trial were the admissions withdrawn. *See Sonoda*, 255 F.3d at 1039-40; *Conlon*, 474 F.3d at 622. Defendants do not meet this burden. Even assuming that Plaintiff has not been responsive to written discovery, this was caused by the loss of communication between Plaintiff and its attorney.

11

Defendants fail to show how withdrawal would hinder their ability to prove their case at trial. The second factor of Rule 36(b) is satisfied.

### C.     Other Factors

Consideration of the two Rule 36(b) factors, however, does not end the inquiry. The Ninth Circuit has made clear that in deciding whether to allow the withdrawal of admissions, "the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon*, 474 F.3d at 625.

The majority of Plaintiff's motion focuses on the conflict between Plaintiff and its counsel, and how it purportedly provides a basis for this motion. Plaintiff admits it purposefully did not respond to Defendant's discovery requests; however, Plaintiff argues that because its attorney filed a motion to withdraw, it has a reasonable excuse for its failure to respond. Plaintiff cites *Gutting v. Flagstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983), for the proposition that withdrawal of an attorney is a reasonable excuse to support a motion to withdraw admissions.

Defendants counter that internal dissension between an attorney and his or her client cannot be used as a tool to prejudice opposing parties in active litigation. Defendants state that Plaintiff received the discovery requests and failed to respond. According to Defendants, the requests are deemed admitted -- pure and simple. Defendants distinguish *Gutting* on its facts, arguing that the case involved the actual withdrawal of counsel and an indefinite extension to provide discovery responses.

The record indicates that Plaintiff and its counsel have been careless with respect to their discovery obligations.[8] Specifically, Plaintiff and its counsel did not timely respond to any of Defendant Bara's written discovery, including the Requests for Admission at issue in this litigation. Instead, Plaintiff's counsel, Mr. Moore, requested a two month extension on May 20, 2009, the date of discovery deadline, but failed to seek an extension from the court. More problematic is Plaintiff's failure to provide a single written response to Bara's discovery requests in the ten weeks since the discovery deadline.

Counsel for Hydrotech argues, without citation to any Ninth Circuit precedent, that a monetary dispute, such as the one between Hydrotech and MBT, rises to the level of an "actual" conflict and relieves them of any and all discovery obligations under the Federal Rules.[9] Although Rule 1.16(b) of the ABA's *Model Rules of Professional Conduct* states that lawyers are entitled to stop working when clients stop paying,[10] a lawyer has a professional

---

[8] However, the record indicates that Hydrotech actively pursued this litigation prior to the dispute over nonpayment. Mr. Moore's declaration demonstrates that MLB provided initial disclosures and attended a pre-trial conference in this case. On May 1, 2009, prior to the deadline to respond to Bara's discovery requests, MBS filed a motion to withdraw as counsel of record for Hydrotech. In its motion to withdraw, MBS described the conflict and that it forwarded the discovery materials to Hydrotech.

[9] Plaintiff's counsel states in his declaration that "based on the potentially adverse position against Hydrotech, our office determined that we should not prepare responses to discovery, and should permit Hydrotech's new attorney to prepare responses." (Doc. 37, 3:25-3:28.)

[10] *See Fidelity National Title Insur. Co. of New York v. Intercounty Nat'l Title Insur. Co.*, 310 F.3d 537 (7th Cir. 2002).

**13**

**responsibility to take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client. Cal. R. Prof. Conduct 3-700. Counsel's motion to withdraw, while protecting *its own* rights, did nothing to protect Hydrotech's rights concerning nonresponsive discovery requests under Rule 36(a)(3). At a minimum, counsel should have filed a motion to stay discovery obligations or obtain an extension pending the resolution of its motion to withdraw.**

**Nevertheless, when analyzing Rule 36(b), "'a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment.'" *Hadley*, 45 F.3d at 1350 (quoting *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 619 (9th Cir.1985)). While the court may consider other factors, such as whether the moving party can show good cause for its failure to respond, consideration of the two Rule 36 factors is mandatory. *Conlon*, 474 F.3d at 625. Here, upholding the admissions would effectively eliminate full consideration of the merits of the case. Discovery also remains open, and trial is not set to begin for another nine months. There is no prejudice as defined by the Ninth Circuit. The two factor test of Rule 36(b) is satisfied.[11]**

**Finding no detriment to Defendant's ability to defend the action on the merits, the motion to withdraw is granted as to the deemed admissions, RFA Nos. 1 through 27. If Plaintiff Hydrotech has still not served its answers to Defendant Bara discovery**

---

[11] The Rule 36(b) test is an equitable one, balancing the right to a full trial on the merits with the parties' justified reliance on pre-trial procedures and the finality of issues deemed no longer in dispute. *Crafton v. Blaine Larsen Farms, Inc.*, 2005 WL 3244451 *1 (D.Idaho).

requests, including the RFAs, it shall do so immediately, and in any event, by August 28, 2009. Failure to do so risks the possibility that the court may dismiss the complaint for failure to prosecute.

The hearing on Defendant Bara Infoware, Inc.'s motion for summary judgment or, in the alternative, summary adjudication is currently set for September 28, 2009 at 10:00 a.m. Plaintiff Hydrotech's opposition is due on or before September 11, 2009.

The Court reserves the right to rule on the issue of sanctions against Hydrotech as requested in Bara's Opposition to Hydrotech's Motion to Withdraw Admissions and for Leave to Respond to Requests for Admission.

### V.   CONCLUSION

For the foregoing reasons:

(1)   The Motion to Withdraw Admissions and Motion for Leave to Respond to Requests for Admission is GRANTED;

(2)   Hydrotech, Inc. shall serve its responses to Defendant Bara's discovery requests, including the Requests for Admissions, Set One, by August 28, 2009; and

(3)   The hearing on Defendant Bara Infoware, Inc.'s motion for

15

**summary judgment or, in the alternative, summary adjudication is currently set for September 28, 2009 at 10:00 a.m.  Plaintiff Hydrotech's opposition is due on or before September 11, 2009.**

IT IS SO ORDERED.

**Dated:   August 10, 2009                       /s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE